UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENDER SERVICES INC.<br>314 Pearman Dairy Road<br>Anderson, SC 29625<br><br>Plaintiff<br><br>-Against-<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES<br>20 Massachusetts Ave., NW<br>MS 2260<br>Washington, DC 20529-2260 | Case No.:<br><br>COMPLAINT |

## DESCRIPTION OF ACTION

1. This is an action brought by plaintiff, DEFENDER SERVICES, INC. (Defender), seeking judicial review of the decision of the defendant, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS), dismissing Defender's motions to reopen and reconsider the revocation of its immigrant visa petitions upon behalf of Shing Chi Chu, Man Oi Yan and Sau Fong Yeung.

## JURISDICTION

2. This being a civil action against the United States arising under the Administrative Procedure Act, 5 U.S.C. § 701 et seq., a law of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## VENUE

3. Inasmuch as the defendant United States Citizenship and Immigration Services resides in the District of Columbia, this Court has venue over this matter.

## DESCRIPTION OF PARTIES

4. Defender is a for profit corporation residing in the State of South Carolina.

5. The USCIS is an agency of the United States government within the Department of Homeland Security, residing in Washington, D.C.

## BRIEF STATEMENT OF RELEVANT FACTS

6. The USCIS approved Defender's Petitions for Immigrant Worker (Form I-140) to classify Shing Chi Chu, Man Oi Yan and Sau Fong Yeung as immigrants under 8 U.S.C. § 1153(b)(3) in File Nos. SRC1707750130, SRC1790071247 and SRC1790080231, respectively.

7. Thereafter, on February 22, 2019, it revoked these petitions.

8. Defender filed a timely motion to reopen and reconsider each of these revocations.

9. The first footnote to each motion specified that "The validity of this decision has not been nor is the subject of any judicial proceeding".

10. Nevertheless, on May 30, 2019, the USCIS issued three decisions denying each of these motions because:

> Section 103.5(a)1(iii)(C) requires that motions be "[a]ccompanied by a statement about whether or not the validity of the unfavorable decision has been or is the subject of any judicial proceeding." In this matter, the motion does not contain the statement required by 8 C.F.R. Section 103.5(a)(1)(ii)(C). The regulation at 8 C.F.R. § 103.5(a)(4) states that a motion which does not meet applicable requirements must be dismissed. Therefore, because the instant motion did not meet the applicable filing requirements listed in 8 C.F.R. § 103.5(a)(1(ii)(C), it must be dismissed for this reason.

## CAUSE OF ACTION

I. THE USCIS' DECISIONS SHOULD BE HELD UNLAWFUL AND SET ASIDE BECAUSE THEY ARE UNSUPPORTED BY ANY EVIDENCE AND SO ARBITRARY AND CAPRICIOUS

11. 5 U.S.C. § 706 provides in material part that: "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an Agency action. The reviewing court shall—

    (2) hold unlawful and set aside Agency action, findings, and conclusions found to be—

    (A)  arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

12. A decision which is unsupported by substantial evidence is arbitrary and capricious. *Association of Data Processing Serv. Orgs. v. Board of Governors*, 240 U.S. App. D.C. 301, 745 F.2d 677, 683 (D.C. Cir. 1984) (Scalia, J)

13. Because there is no evidence in the record to support the USCIS's holding that Defender's motion was not accompanied by a statement about whether or not the validity of the unfavorable decision has been or is the subject of any judicial proceeding, it was arbitrary and capricious.

    WHEREFORE this Court should hold the USCIS's decision in this matter unlawful and set it aside.

    II.  THIS COURT SHOULD COMPEL THE USCIS TO ACT IMMEDIATELY UPON DEFENDER'S MOTION

14. This Court also has authority under 5 U.S.C. § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

15. Defenders' motion to reopen and reconsider has been unreasonably delayed by the USCIS' arbitrary and utterly baseless denial of it.

    WHEREFORE it is respectfully requested that the Court compel USCIS to adjudicate Defender's motions to reconsider and reopen within ten (10) calendar days of the date of its Order.

Dated this 4th day of March, 2020

/s/ *Michael E. Piston*
Michael E. Piston MI 002
Attorney for the Plaintiff
225 Broadway Ste 307
New York, NY 10007
646-845-9895
Fx: 206-770-6350