UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENDER SERVICES INC.<br>314 Pearman Dairy Road<br>Anderson, SC 29625<br><br><br>Plaintiff<br><br><br>-against-<br><br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES<br>20 Massachusetts Ave., NW<br>MS 2260<br>Washington, DC 20529-2260 | Case No. 1:20-cv-00636-RC<br><br> FIRST AMENDED COMPLAINT |

DESCRIPTION OF ACTION

1.  This is an action brought by plaintiff, DEFENDER SERVICES, INC.  (Defender), seeking

    judicial review of the decisions of the  defendant, UNITED STATES CITIZENSHIP AND

    IMMIGRATION SERVICES (USCIS), dismissing Defender's motions to reopen and

    reconsider the revocation of its immigrant visa petitions upon  behalf of Shing Chi Chu and

    Man Oi Yan.

JURISDICTION

2.  This being a civil action against the United States arising under the Administrative Procedure

    Act, 5 U.S.C. § 701 et seq.,  a law of the United States, original jurisdiction over this matter

    is vested in this Court by 28 U.S.C. § 1331.

## VENUE

3.  Inasmuch as the defendant United States Citizenship and Immigration Services resides in the

District of Columbia, this Court has venue over this matter.

## DESCRIPTION OF PARTIES

4.  Defender is a for profit corporation residing in the State of South Carolina.

5.  The USCIS is an agency of the United States government within the Department of
Homeland Security, residing in Washington, D.C.

## BRIEF STATEMENT OF RELEVANT FACTS

6.  The USCIS approved Defender's Petitions for Immigrant Worker (Form I-140) to

classify Shing Chi Chu and Man Oi Yan as immigrants under 8 U.S.C. § 1153(b)(3) in

File Nos. SRC1707750130 and  SRC179007124,  respectively.

7.  Thereafter, on February 22, 2019, it revoked these petitions.

8.  Defender filed a timely motion to reopen and reconsider both of these revocations.

9.  The first footnote to each motion specified that "The validity of this decision has not

been nor is the subject of any judicial proceeding".

10. Nevertheless, on May 30, 2019, the USCIS issued two decisions denying both of these

motions because:

> Section 103.5(a)1(iii)(C) requires that motions be "[a]ccompanied by a statement
> about whether or not the validity of the unfavorable decision has been or is the
> subject of any judicial proceeding." In this matter, the motion does not contain the

statement required by 8 C.F.R. Section 103.5(a)(1)(ii)(C). The regulation at 8 C.F.R. § 103.5(a)(4) states that a motion which does not meet applicable requirements must be  dismissed. Therefore, because the instant motion did not meet the applicable filing requirements listed in 8  C.F.R. § 103.5(a)(1(ii)(C), it must be dismissed for this reason.

## CAUSE OF ACTION

I.      THE USCIS' DECISIONS SHOULD BE HELD UNLAWFUL AND SET ASIDE BECAUSE THEY ARE UNSUPPORTED BY ANY EVIDENCE AND SO ARBITRARY AND CAPRICIOUS

11.  5 U.S.C. § 706 provides in material part that: "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an Agency action. The reviewing court shall—

(2) hold unlawful and set aside Agency action, findings, and conclusions found to be—

(A)  arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

12. A decision which is unsupported by substantial evidence is arbitrary and capricious. *Association of Data Processing Serv. Orgs. v. Board of Governors*, 240 U.S. App. D.C. 301, 745 F.2d 677, 683 (D.C. Cir. 1984) (Scalia, J)

13. Because there is no evidence in the record to support the USCIS' holding that Defender's motions were not accompanied by a statement about whether or not the validity of the unfavorable decision has been or is the subject of any judicial proceeding, it was arbitrary and capricious.

WHEREFORE this Court should hold the USCIS' decisions in these matters unlawful and set them aside.

II.      THIS COURT SHOULD COMPEL THE USCIS TO ACT IMMEDIATELY UPON DEFENDER'S MOTIONS

14. This Court also has authority under 5 U.S.C. § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

15. Defender's motions to reopen and reconsider have been unreasonably delayed by the USCIS' arbitrary and capricious denial of it.

WHEREFORE it is respectfully requested that the Court compel USCIS to adjudicate Defender's said motions to reconsider and reopen within ten (10) calendar days of the date of its Order.

Dated this 10th day of April, 2020

/s/ *Michael E. Piston*
Michael E. Piston MI 002
Attorney for the Plaintiff
225 Broadway Ste 307
New York, NY 10007
646-845-9895
Fx: 206-770-6350